

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

LOLLY ANN COPENHAVER-BROWN,
Individually and as Administratrix of the Estate
of DOROTHY PRINZLER, Deceased
4976 Ayres Road
Andover, OH 44003

    and

DOLLY HARVEY
609 4th Street, NW
Canton, OH 44703

    and

DARRIN PRINZLER
723 East 344th Street
Eastlake, OH 44095

    and

JIMMY PRINZLER
9111 Chillicothe Road
Kirtland, OH 44094

      Plaintiffs,

    -vs-

LAKE HOSPITAL SYSTEM, INC.
c/o Its Statutory Agent
Andrew Service Corporation
4900 Society Center
Cleveland, OH  44114

    and

JOHN POSCH, M.D.
c/o University MedNet
18599 Lakeshore Blvd.
Cleveland, OH 44119

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NUMBER:

# 1:00CV 0342

JUDGE

MAG. JUDGE VECCHIARELLI

COMPLAINT
(Jury Demand Endorsed Hereon)

and                                              )
                                                 )
                                                 )
UNIVERSITY MEDNET, INC.                          )
c/o Colleen C. Curran                            )
23001 Euclid Avenue                              )
Euclid, OH 44117                                 )
                                                 )
and                                              )
                                                 )
ALFRED J. AUSTRIA, M.D.                          )
c/o Lake West Hospital                           )
36000 Euclid Avenue                              )
Willoughby, OH  44094                            )
                                                 )
and                                              )
                                                 )
ERIC S. CSORTAN, M.D.                            )
c/o Lake West Hospital                           )
36000 Euclid Avenue                              )
Willoughby, OH  44094                            )
                                                 )
and                                              )
                                                 )
LAKE EMERGENCY SERVICES, INC.                    )
c/o Its Statutory Agent                          )
Kenneth A. Weiner                                )
14600 Detroit Blvd.                              )
Suite 1495                                       )
Lakewood, OH 44107                               )
                                                 )
and                                              )
                                                 )
JOHN DOE 1                                       )
                                                 )
and                                              )
                                                 )
JOHN DOES 2 THROUGH 10                           )
                                                 )
Defendants.                                      )

Now come Plaintiffs, Lolly Ann Copenhaver-Brown, Administratrix of the Estate of Dorothy Prinzler, Deceased, (hereinafter referred to as "Lolly Brown"), Dolly Harvey, Darrin Prinzler and Jimmy Prinzler, (collectively referred to as "Plaintiffs") by and through counsel, and for their Complaint allege the following:

I.  **PRELIMINARY STATEMENT**

1.  Dorothy Prinzler was a deaf individual who was a patient of Defendants Lake Hospital System, Inc., John Posch, M.D., University MedNet, Inc., Alfred J. Austria, M.D., Eric S. Csortan, M.D., Lake Emergency Services, Inc., John Does 1 through 10 (all sixteen Defendants collectively referred to as "Defendants").  Lolly Brown asserts that Defendants' refusal to provide and pay for a sign language interpreter discriminated against Dorothy Prinzler in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794 et seq, and Chapter 4112 of the Ohio Revised Code (O.R.C. § 4112.02(G) et seq.).  All of the Plaintiffs seek compensatory damages and attorneys fees pursuant to these statutes and/or common law negligence.  In addition, all of the Plaintiffs seek injunctive relief against the Defendants to promulgate policies and procedures regarding the provision of sign language interpreter services to ensure effective communication with deaf clients at the Defendants' facilities in accordance with the ADA.

II.  **JURISDICTION AND VENUE.**

2.  The Plaintiffs invoke the jurisdiction of this Court pursuant to the Americans with Disabilities Act (42 U.S.C. § 12181 et seq and 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (3) and (4)).

3.     The Plaintiffs invoke the jurisdiction of this Court pursuant to the Rehabilitation Act of 1973 (29 U.S.C. § 794 et seq, 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (3) and (4)).

4.     The Plaintiffs invoke 28 U.S.C. § 1367(a) as jurisdictional basis for the their claims and/or pendant state claims under Chapter 4112 of the Ohio Revised Code.

5.     Injunctive relief is also sought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

6.     Venue in the Northern District of Ohio, Eastern Division is proper under 28 U.S.C. § 1391, and each claim for relief stated herein arises in this District.

III.    <u>PARTIES</u>

7.     Lolly Ann Copenhaver-Brown, is the daughter of Dorothy Prinzler and as Administratrix of the Estate of Dorothy Prinzler, deceased states that Dorothy Prinzler was a deaf person, and was an individual with a disability within the meaning of the ADA.  Dorothy Prinzler was a patient of all of the Defendants and is a qualified individual with a disability within the meaning of the ADA and is an otherwise qualified individual with a handicap as defined in 29 U.S.C. § 706(8), § 794, and § 794a of the Rehabilitation Act of 1973.

8.     Plaintiff, Lolly Ann Copenhaver-Brown, is the daughter of Dorothy Prinzler.  She is also an adult resident of Andover, Ohio.

9.     Plaintiff, Dolly Harvey is the daughter of Dorothy Prinzler.  She is also an adult resident of Canton, Ohio.

10.    Plaintiff, Darrin Prinzler is the son of Dorothy Prinzler.  He is also an adult resident of Eastlake, Ohio.

11.     Plaintiff, Jimmy Prinzler is the son of Dorothy Prinzler. He is also an adult resident of Kirtland, Ohio.

12.     At all times, relevant herein, Defendant Lake Hospital System, Inc., is a corporation licensed to practice medical services in the State of Ohio, incorporated on July 28, 1983, and is in good-standing.

13.     At all times relevant herein, Defendant, John Posch, M.D. (hereinafter referred to as "Posch") is a physician duly licensed to practice medicine in the State of Ohio.

14.     At all times relevant herein, Defendant University MedNet, Inc. is an Ohio corporation licensed to practice medical services in the State of Ohio.

15.     At all times relevant herein, Decedent, Dorothy Prinzler, was attended to by the Defendant Posch from at least the 7th day of May, 1998 through February 4, 1999, in the course and scope of his employment and/or agency, and in furtherance of the business affairs of the Defendant University MedNet, Inc., incorporated on June 27, 1949 and is in good-standing.

16.     At all times relevant herein, Defendant, Alfred J. Austria, M.D. (hereinafter referred to as "Austria") is a physician duly licensed to practice medicine in the State of Ohio.

17.     At all times relevant herein, Defendant, Eric S. Csortan, M.D. (hereinafter referred to as "Csortan") is a physician duly licensed to practice medicine in the State of Ohio.

18.     At all times relevant herein, Defendant Lake Emergency Services, Inc. is an Ohio corporation licensed to practice medical services in the State of Ohio, incorporated on December 28, 1984.

19.     At all times relevant herein, Decedent, Dorothy Prinzler, was attended to by the Defendant Austria in the course and scope of his employment and/or agency, and in furtherance of the business affairs of the Defendant Lake Emergency Services, Inc.

20.     At all times relevant herein, Decedent, Dorothy Prinzler, was attended to by the Defendant Csortan in the course and scope of his employment and/or agency, and in furtherance of the business affairs of the Defendant Lake Emergency Services, Inc.

21.     At all times relevant herein, Defendant John Doe 1 is a registered nurse licensed to practice nursing in the State of Ohio.

22.     At all times relevant herein, Decedent, Dorothy Prinzler, was attended to by the Defendant John Doe 1 in the course and scope of his/her employment and/or agency, and in furtherance of the business affairs of the Defendant Lake Hospital System, Inc.

23.     The Defendants, by and through their employees, agents, medical staff or other personnel jointly and/or individually and/or concurrently failed to provide Decedent Dorothy Prinzler with competent, safe and acceptable medical, emergency and hospital care and treatment.

24.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, John Does 2 through 10, are unknown to Plaintiffs, who therefore sue Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe, and on such information and belief alleges, that each of the fictitiously named Defendants are negligently responsible in some manner for the occurrences herein alleged, and that the Plaintiffs' injuries as herein alleged were proximately caused by the negligence of these

Defendants.

IV.   <u>FACTS</u>

25.    All of the Defendants provided medical services to the public, and are places of public accommodation under Title III of the Americans with Disabilities Act, and Chapter 4112 of the Ohio Revised Code.

26.    All of the Defendants receive federal financial assistance through Medicare and/or Medicaid and/or other sources within the meaning of the Rehabilitation Act of 1973 (29 U.S.C. § 794 et seq.)

27.    All of the Defendants provide a "program or activity" as defined in the Rehabilitation Act of 1973 in 29 USCS § 794(b) because it is "principally engaged in the business of providing, education, health care, housing, social services, or park and recreation" as defined in 29 USCS § 794(b)(3)(A).

28.    Dorothy Prinzler, deceased was a deaf individual.  Dorothy Prinzler' primary mode of communication is sign language.

29.    Dorothy Prinzler's major life activities were substantially limited because of her deafness.

30.    For Dorothy Prinzler' medical treatment, effective communication between all of the Defendants and Dorothy Prinzler was not possible without provision of a sign language interpreter.

31.    All of the Defendants did not provide a sign language interpreter during any of Dorothy Prinzler's medical appointments and/or sessions.

32.    All of the Defendants did not test or otherwise seek to determine the extent of Dorothy Prinzler's disability during the dates she was a patient of all of the Defendants.

33.    All of the Defendants have failed to adopt or implement appropriate policies and procedures to ensure effective communication with its deaf patients and have failed to notify its deaf patients of such policies or procedures.

34.    All of the Defendants in refusing to provide interpreter services was in knowing violation of the Americans with Disabilities Act.

35.    Dorothy Prinzler was denied the benefit of effective medical treatment solely on the basis of her disability because all of the Defendants did not provide a sign language interpreter in violation of the Rehabilitation Act of 1973.

36.    Dorothy Prinzler was denied the full enjoyment, advantages, privileges of effective medical treatment because all of the Defendants did not provide a sign language interpreter which is discriminatory and in violation of Chapter 4112 of the Ohio Revised Code.

37.    An injunction against all of the Defendants is necessary to enjoin the Defendants from violating the Americans with Disabilities Act and specifically from refusing to provide and pay for sign language interpreter services to deaf individuals.

## V.    FIRST CLAIM

38.    Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Thirty-seven (37) as if fully rewritten herein.

39.    The refusal and/or failure of all of the Defendants, to provide and pay for sign language interpreter services to ensure effective communication with Dorothy Prinzler during

medical treatment sessions discriminated against her on the basis of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et. seq.

## VI.  SECOND CLAIM

40.    Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Thirty-nine (39) as if fully rewritten herein.

41.    The refusal and/or failure of all of the Defendants to promulgate appropriate policies and procedures to ensure effective communication with deaf patients, and to notify deaf patients of these policies and procedures, discriminated and/or discriminates against Dorothy Prinzler and other prospective deaf patients on the basis of their disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

## VII.  THIRD CLAIM

42.    Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Forty-one (41) as if fully rewritten herein.

43.    The refusal and/or failure of all of the Defendants to promulgate appropriate policies and procedures to ensure effective communication with deaf patients, and to notify deaf patients on the basis of their disabilities is a violation of the Americans with Disabilities Act's regulations, specifically 28 C.F.R. § 36.202.

## VIII.  FOURTH CLAIM

44.    Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Forty-three (43) as if fully rewritten herein.

45.    Between May 7, 1998 and February 5, 1999, Dorothy Prinzler was excluded from participation, denied the benefits of, and/or subjected to discrimination due to the failure

of all of the Defendants to provide a sign language interpreter which denied her effective medical treatment in violation of the Rehabilitation Act of 1973, 29 U.S.C.S. § 794 et seq.

## IX.  FIFTH CLAIM

46.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Forty-five (45) as if fully rewritten herein.

47.     Between May 7, 1998 and February 5, 1999, Dorothy Prinzler was denied the full enjoyment, excluded from participation, denied the benefits of, and/or subjected to discrimination due to the failure to all of the Defendants to provide sign language interpreter which denied her effective counseling in violation of Ohio Revised Code 4112.02(G).

## X.  SIXTH CLAIM

48.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Forty-seven (47) as if fully rewritten herein.

49.     The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical treatment and/or sessions has caused Lolly Brown to suffer a loss of society, services, and companionship from her mother Dorothy Prinzler resulting in damages recoverable within The Rehabilitation Act of 1973 § 794 et seq.

## XI.  SEVENTH CLAIM

50.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Forty-nine (49) as if fully rewritten herein.

51.    The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical treatment and/or sessions has caused Dolly Harvey to suffer a loss of society, services, and companionship from her mother Dorothy Prinzler resulting in damages recoverable within The Rehabilitation Act of 1973 § 794 et seq.

## XII.    EIGHTH CLAIM

52.    Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Fifty-one (51) as if fully rewritten herein.

53.    The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical treatment and/or sessions has caused Darrin Prinzler to suffer a loss of society, services, and companionship from his mother Dorothy Prinzler resulting in damages recoverable within The Rehabilitation Act of 1973 § 794 et seq.

## XIII.    NINTH CLAIM

54.    Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Fifty-three (53) as if fully rewritten herein.

55.    The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical treatment and/or sessions has caused Jimmy Prinzler to suffer a loss of society, services, and companionship from his mother Dorothy Prinzler resulting in damages recoverable within The Rehabilitation Act of 1973 § 794 et seq.

## XIV.  TENTH CLAIM

56.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Fifty-five (55) as if fully rewritten herein.

57.     The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical appointments and/or sessions has caused Lolly Brown to suffer a loss of society, services, affection and companionship from her mother Dorothy Prinzler resulting in damages recoverable within Chapter 4112 of the Ohio Revised Code.

## XV.  ELEVENTH CLAIM

58.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Fifty-seven (57) as if fully rewritten herein.

59.     The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical appointments and/or sessions has caused Dolly Harvey to suffer a loss of society, services, affection and companionship from her mother Dorothy Prinzler resulting in damages recoverable within Chapter 4112 of the Ohio Revised Code.

## XVI.  TWELFTH CLAIM

60.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Fifty-nine (59) as if fully rewritten herein.

61.     The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical appointments and/or sessions has caused Darrin Prinzler to suffer a loss of society,

services, affection and companionship from his mother Dorothy Prinzler resulting in damages recoverable within Chapter 4112 of the Ohio Revised Code.

## XVII. THIRTEENTH CLAIM

62.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Sixty-one (61) as if fully rewritten herein.

63.     The refusal and/or failure of all of the Defendants to provide and pay for sign language interpreter services to ensure effective communication during Dorothy Prinzler' medical appointments and/or sessions has caused Jimmy Prinzler to suffer a loss of society, services, affection and companionship from his mother Dorothy Prinzler resulting in damages recoverable within Chapter 4112 of the Ohio Revised Code.

## XVIII.  FOURTEENTH CLAIM

64.     Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Sixty-three (63) as if fully rewritten herein.

65.     Plaintiff, Lolly Ann Copenhaver-Brown, is the duly qualified, appointed as Administratrix of the Estate of Dorothy Prinzler, Deceased, (hereinafter referred to as "Decedent") who died on February 5, 1999, in the City of Willoughby, County of Lake, State of Ohio.

66.     At all times, relevant herein, Defendant Lake Hospital System, Inc.,   is a corporation licensed to practice medical services in the State of Ohio, incorporated on July 28, 1983, and is in good-standing.

67.     At all times relevant herein, Defendant, John Posch, M.D. (hereinafter referred to as"Posch") is a physician duly licensed to practice medicine in the State of Ohio.

68.    At all times relevant herein, Defendant University MedNet, Inc. is an Ohio corporation licensed to practice medical services in the State of Ohio.

69.    At all times relevant herein, Decedent, Dorothy Prinzler, was attended to by the Defendant Posch from at least the 7th day of May, 1998 through February 4, 1999, in the course and scope of his employment and/or agency, and in furtherance of the business affairs of the Defendant University MedNet, Inc., incorporated on June 27, 1949 and is in good-standing.

70.    At all times relevant herein, Defendant, Alfred J. Austria, M.D. (hereinafter referred to as "Austria") is a physician duly licensed to practice medicine in the State of Ohio.

71.    At all times relevant herein, Defendant, Eric S. Csortan, M.D. (hereinafter referred to as "Csortan") is a physician duly licensed to practice medicine in the State of Ohio.

72.    At all times relevant herein, Defendant Lake Emergency Services, Inc. is an Ohio corporation licensed to practice medical services in the State of Ohio, incorporated on December 28, 1984.

73.    At all times relevant herein, Decedent, Dorothy Prinzler, was attended to by the Defendant Austria in the course and scope of his employment and/or agency, and in furtherance of the business affairs of the Defendant Lake Emergency Services, Inc.

74.    At all times relevant herein, Decedent, Dorothy Prinzler, was attended to by the Defendant Csortan in the course and scope of his employment and/or agency, and in furtherance of the business affairs of the Defendant Lake Emergency Services, Inc.

75.    At all times relevant herein, Defendant John Doe 1 is a registered nurse licensed to practice nursing in the State of Ohio.

76.    At all times relevant herein, Decedent, Dorothy Prinzler, was attended to on the first day of February, 1999, by the Defendant John Doe 1 in the course and scope of his/her employment and/or agency, and in furtherance of the business affairs of the Defendant Lake Hospital System, Inc.

77.    The Defendants, by and through their employees, agents, medical staff or other personnel jointly and/or individually and/or concurrently failed to provide Decedent Dorothy Prinzler with competent, safe and acceptable medical, emergency and hospital care and treatment.

78.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants, John Does 2 through 10, are unknown to Plaintiffs, who therefore sue Defendants by such fictitious names, and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe, and on such information and belief alleges, that each of the fictitiously named Defendants are negligently responsible in some manner for the occurrences herein alleged, and that the Plaintiffs' injuries as herein alleged were proximately caused by the negligence of these Defendants.

79.    At all times relevant hereto, Defendants John Does 1 through 10,  were acting on their own behalf and within the course and scope of their employment with, and for the benefit of all other Defendants.

80.    The Defendants, by and through their employees, agents, medical staff or other personnel jointly and/or individually and/or concurrently failed to provide Decedent Dorothy Prinzler with competent, safe and acceptable medical, emergency and hospital care and

treatment.

81.    Plaintiffs are informed and believe and herein alleges that all times herein mentioned, all the Defendants hereinafter referred to as Defendants, were the agent and/or employee of their Co-Defendants, and in doing the things herein alleged, were acting within the purpose and scope of said agency and/or employment.

82.    Defendant John Doe 1 rendered care and/or treatment to decedent and was negligent in doing so, including but not limited to, decedent's acute pre hospital care conditions on February 1, 1999 while in the emergency room were not addressed nor were the routine treatments such as pulse oximetry, oxygen and cardiac monitoring performed and/or orders which constituted a failure by Defendant John Doe 1 to exercise a standard of care as practiced by registered nurses under the same or similar circumstances.

83.    As a result of Defendant John Doe 1's negligence and the failure of Defendant John Doe 1 to follow through and/or carry out with routine treatments such as pulse oximetry, oxygen and cardiac monitoring performed and/or orders Decedent continued to suffer pain and discomfort requiring additional medical care and attention, all of which would have been avoided by the Decedent.

84.    As a result of the negligence of Defendant John Doe 1, and the failure of Defendant John Doe 1 to perform routine treatments such as pulse oximetry, oxygen and cardiac monitoring, Decedent continued to suffer such great physical pain and mental and emotional suffering, along with the medical care and treatment and the expenses incurred therein continued through and including the death of Decedent, multiple, bilateral occluding pulmonary arterial thromboemboli, due to phlebothromboses of the right lower extremity.

85.    On February 1, 1999 and February 5, 1999, Decedent was admitted to and/or a patient at Lake Hospital System, Inc. in the emergency room and/or admitted as an in-patient either by and/or with the knowledge of all of the Defendants for treatment for and/or complaints of pain and swelling in her right leg.

86.    Decedent died on February 5, 1999 as the result multiple, bilateral occluding pulmonary arterial thromboemboli, due to phlebothromboses of the right lower extremity.

87.    On February 5, 1999, Dorothy Prinzler, died, leaving her daughter, Lolly Ann Copenhaver-Brown; daughter, Dolly Harvey; son, Darrin Prinzler; and son, Jimmy Prinzler.

88.    The medical condition, including but not limited to, phlebothromboses of right lower extremity in the Decedent could have and should have been detected and/or treated by the exercise of ordinary care by all of the Defendants.

89.    The failure of all of the Defendants  to have detected, tested for and diagnosed phlebothromboses of right lower extremity and then treat the Decedent for same while a patient of Defendants constituted a failure of all of the Defendants to exercise a standard of care as practiced by physicians under the same or similar circumstances.

90.    As a result of the failure of all of the Defendants to detect and/or treat the phlebothromboses of right lower extremity, Decedent continued to suffer pain and discomfort requiring additional medical care and attention, all of which would have been avoided by the Decedent.

91.    As a result of the failure of all of the Defendants to detect and/or treat the phlebothromboses of right lower extremity, Decedent continued to suffer such great physical pain and mental and emotional suffering, along with the medical care and treatment and the

expenses incurred therein continued through and including the death of Decedent, Dorothy Prinzler.

92.    As a direct and proximate result of the combined and negligent acts and/or omissions of the Defendants, Plaintiff's Decedent was caused to suffer extensive pain, physical and mental suffering, and said acts and/or omissions ultimately and directly caused the death of Plaintiff's Decedent, Dorothy Prinzler on February 5, 1999.

93.    Medical and hospital care and management of Plaintiff's Decedent and all instrumentalities, medicines and drugs used for his care and treatment were within the exclusive control of all of the Defendants.  Plaintiff's Decedent has nothing whatsoever to do with the control of those instrumentalities, medicines and drugs that were or should have been used in his care and treatment.  The injuries to Plaintiff's Decedent and his ultimate death, by reason of said treatment or lack thereof provided by all of the Defendants, was an unusual and extraordinary occurrence which does not occur under the circumstances in the absence of negligence.

94.    As a direct and proximate result of the combined and negligent acts and/or omissions of all of the Defendants was a result of their willful, wanton and/or reckless acts.

95.    This claim is brought pursuant to Ohio Revised Code Section 2125.02 for the benefit of Lolly Ann Copenhaver-Brown, Dolly Harvey, Darrin Prinzler and Jimmy Prinzler, siblings of the Decedent.

XIX.    **FIFTEENTH CLAIM**

96.    Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through Ninety-five (95) as if fully rewritten herein.

97.    Plaintiff brings this action as Administratrix of the Estate of Decedent for the injuries and damages to Decedent prior to his death for the benefit of Decedent's estate and/or pursuant to Ohio Revised Code Section 2305.21.

98.    The failure of all of the Defendants, to determine, order tests and/or treat Decedent for her ailments, diseases and afflictions, including, but not limited to, phlebothromboses of right lower extremity, while a patient under all of the Defendants care constituted the failure by Defendants, to exercise the standard of care as practiced by physicians and/or nurses under the same or similar circumstances.

99.    The phlebothromboses of right lower extremity existing on and/or in Decedent could have and should have been detected and/or treated by the exercise of ordinary care by all of the Defendants.

100.    The failure of all of the Defendants to have tested for and diagnosed phlebothromboses of right lower extremity and then treated the Decedent for phlebothromboses of right lower extremity, constituted a failure of all of the Defendants to exercise a standard of care as practiced by physicians and/or nurses under the same or similar circumstances.

101.    As a result of the failure of all of the Defendants, to have tested for and diagnose and to treat phlebothromboses of right lower extremity, Decedent continued to suffer pain and discomfort requiring additional medical care and attention, all of which would have been avoided by the Decedent.

102.    As a result of the failure of all of the Defendants, to have tested for and diagnose and to treat the phlebothromboses of right lower extremity, Decedent continued to suffer such

great physical pain and mental and emotional suffering, along with the medical care and treatment and the expenses incurred therein continued through and including the death of Decedent, Dorothy Prinzler.

## XX.   SIXTEENTH CLAIM

103.  Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through One hundred two (102) of this Complaint.

104.  Plaintiff, Lolly Ann Copenhaver-Brown, Administratrix of the Estate of Dorothy Prinzler, Deceased has incurred reasonable funeral and burial expenses for the Decedent as a result of all of the Defendants' negligence.

## XXI.   SEVENTEENTH CLAIM

105.  Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through One hundred four (104) of this Complaint.

106.  As a result of the negligence of all of the Defendants, as more fully detailed above, Plaintiff Lolly Ann Copenhaver-Brown has been denied and deprived comfort, society, companionship, services and consortium, of Decedent, Dorothy Prinzler.

107.  As a direct and proximate result of the aforementioned acts and/or omissions of the Defendants, as more fully detailed above, Plaintiff, Lolly Ann Copenhaver-Brown, has incurred medical expenses on behalf of Decedent, Dorothy Prinzler.

## XXII.   EIGHTEENTH CLAIM

108.  Plaintiffs incorporate by reference, as if fully rewritten herein, each and every

allegation contained in Paragraphs One (1) through One hundred seven (107) of their Complaint.

109.  As a result of the negligence of all of the Defendants, as more fully detailed above, Dolly Harvey has been denied and deprived comfort, society, companionship, services and consortium, of Decedent, Dorothy Prinzler.

110.  As a direct and proximate result of the aforementioned acts and/or omissions of the Defendant, as more fully detailed above, Plaintiff, Dolly Harvey, has incurred medical expenses on behalf of Decedent, Dorothy Prinzler.

## XXIII.  NINETEENTH CLAIM

111.  Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through One hundred ten (110) of the Complaint.

112.  As a result of the negligence of all of the Defendants, as more fully detailed above, Darrin Prinzler, son of the Decedent, has been denied the comfort, care, society and companionship of Decedent.

## XXIV.  TWENTIETH CLAIM

113.  Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through One hundred twelve (112) of this Complaint.

114.  As a result of the negligence of all of the Defendants, as more fully detailed above, Jimmy Prinzler, son of the Decedent, has been denied the comfort, care, society and companionship of Decedent.

## XXV.  TWENTY-FIRST CLAIM

115.  Plaintiffs incorporate by reference, as if fully rewritten herein, each and every allegation contained in Paragraphs One (1) through One hundred fourteen (114) of this Complaint.

116.  Plaintiff's decedent came to his death wrongfully as a result of said substandard acts and/or omissions.

117.  Plaintiff brings this count for wrongful death for and on behalf of the following next of kin of said decedent:

1.  Lolly Ann Copenhaver-Brown, daughter

2.  Dolly Harvey, daughter

3.  Darrin Prinzler, son

4.  Jimmy Prinzler, son

118.  As a result of the above-described negligent acts and/or omissions on the part of one or more of the Defendants, the decedent came wrongfully to his death, whereby the next of kin of said decedent were caused to incur substantial pecuniary loss, funeral expenses, burial expenses and great anxiety, grief and bereavement.

## XXVI.  PRAYER FOR RELIEF

On the basis of the foregoing, all of the Plaintiffs request the following relief:

1.  On all claims, against all of the Defendants, jointly and severally, for compensatory damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and punitive damages in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus costs, attorney fees and for all other relief that

this court deems just and proper.

2.     The entry of a permanent injunction ordering Defendants to provide and pay for
a sign language interpreter services during medical appointments and promulgate
policies and procedures for the provision of sign language interpreter services to
ensure effective communication for deaf patients during medical appointments
and/or sessions, and order that these policies include notice to other deaf
patients of their rights to these auxiliary aids.

3.     Reimbursement for payments made on past medical appointments between
Dorothy Prinzler and all of the Defendants, and cancellation of unpaid charges
for medical appointments.

4.     Compensatory damages for mental anguish and bodily injuries and death caused
by Dorothy Prinzler's deprivation of effective medical treatement under the
Rehabilitation Act and Chapter 4112 of the Ohio Revised Code and punitive
damages pursuant to Chapter 4112 of the Ohio Revised Code.

5.     An award of reasonable costs and attorneys fees pursuant to the Americans with
Disabilities Act, the Rehabilitation Act of 1973, and Chapter 4112 of the Ohio
Revised Code.

6.     Any and all other relief that may be necessary and appropriate.

7.     On the basis of the foregoing, Lolly Brown requests the following:
Compensatory damages for loss of consortium for loss of society, services,
affection, and  companionship from her mother, Dorothy Prinzler under the
Rehabilitation Act and Chapter 4112 of the Ohio Revised Code and punitive

damages pursuant to Chapter 4112 of the Ohio Revised Code.

8.     On the basis of the foregoing, Dolly Harvey requests the following:

Compensatory damages for loss of consortium for loss of society, services, affection, and companionship from her mother, Dorothy Prinzler under the Rehabilitation Act and Chapter 4112 of the Ohio Revised Code and punitive damages pursuant to Chapter 4112 of the Ohio Revised Code.

9.     On the basis of the foregoing, Darrin Prinzler requests the following:

Compensatory damages for loss of consortium for loss of society, services, affection, and companionship from his mother, Dorothy Prinzler under the Rehabilitation Act and Chapter 4112 of the Ohio Revised Code and punitive damages pursuant to Chapter 4112 of the Ohio Revised Code.

10.     On the basis of the foregoing, Jimmy Prinzler requests the following:

Compensatory damages for loss of consortium for loss of society, services, affection, and companionship from his mother, Dorothy Prinzler under the Rehabilitation Act and Chapter 4112 of the Ohio Revised Code and punitive damages pursuant to Chapter 4112 of the Ohio Revised Code.

Respectfully submitted,

_____
KENNETH C. PODOR (0014067)
DAVID W. REUVEN (0059658)
Podor & Associates
23811 Chagrin Blvd., Suite 344
Beachwood, Ohio 44122
(216) 464-6477
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand that each and every issue of fact contained herein be tried to a jury.

_____

Kenneth C. Podor
David W. Reuven
Attorneys for Plaintiffs